And we will proceed to the last case on today's calendar, which is Heather Floyd v. American Honda Motor Co., because Tybill v. Edison International has been submitted. All right? Well, good morning, Your Honors. Greg Coleman here on behalf of the plaintiff appellant, and along with me, Ms. Lisa White and Ms. Martha Gere. Let me thank both sides for bringing – I teach federal courts. And had you brought this case to me a little bit earlier, I would have used it for my final exam question. This is a wonderful, interesting case. Well, and I hope, following along with Mr. Fleischman's levels of desire, we've got three. And I can put them in fairly concrete order for the court. And then, of course, feel free to ask me. I've enjoyed the back-and-forth the court has had with previous counsel. So the first thing is that this was clearly a final judgment upon which an appeal can be filed. Number two, with respect to – and these are interchangeable. If the court wants to talk more about is Magnuson-Moss – was the dismissal of the Magnuson-Moss claims in this case appropriate? That's issue number two. We, of course, believe that, yes, under CAFA, the Magnuson-Moss claim can be brought. And then number three, the last desire, if you will, the last point is, under CAFA, we pled CAFA appropriately in the record, beginning at E.R. 18 with the complaint. We outlined why this case was appropriate under CAFA and, therefore, the state law claim should survive. But, as we know, not only did the court below dismiss the Magnuson-Moss claim, he dismissed the state law claim, saying there was no supplemental jurisdiction, which we think is also error. So those are the sort of – Well, the state law claims, in your view, stand independently? I'm sorry. No, go ahead. Go ahead, Judge Box. Well, just help me here. What you call or people have called state law claims are state law claims under CAFA. Am I right? That's where I got confused with a lot of the writing. Okay. Because once you get past Magnuson-Moss, let's assume you lose on that, these are not supplemental jurisdiction claims. They're gut CAFA claims, which I read page 60 or so of their brief. Sixty-one, you're right. As of conceding that you, at least in principle, you could go forward, you should have gone forward, they should have let you amend, but as a matter of federal court law, there's no problem with your going forward. Just I call them CAFA claims. They're not supplemental state law claims. Exactly. To put the matter differently, I think Judge Box and I have the same conclusion on it. Had you simply filed your non-Magnuson-Moss claims in federal court and sought to invoke diversity jurisdiction under 1332D, at least on this record, there's no reason for us to think you couldn't have done so. Absolutely, Your Honor, and we did. We alleged CAFA specifically. But the judge hasn't gone back and made the specific findings that would be necessary to. He made no findings. No, no, but at least on this record, you deserve a shot at arguing that to the district court. Of course. Okay, so let's get to what I think is the interesting question, I guess, is the Magnuson-Moss question. I take it your position is that until CAFA was passed, you couldn't have brought the Magnuson-Moss claims in federal court. Is that right? Well, with a slight deviation. Remember, under Magnuson-Moss, it specifically goes to federal question. Well, see, you say that, but the Act doesn't say that. The Act simply says these claims shall not be cognizable in federal court unless they meet certain requirements, right? Right, but then don't forget, Your Honors, the limiting provision of that same statute. It says, and this is the colon paraphrase here, that nothing in this Act shall be considered to in any way deprive a consumer of a remedy under any state or other federal law. It said rights, doesn't it? Yeah. Well, I think it's either rights or remedy, but again, I'm using the colon paraphrase. That's substantive rights. That's not jurisdictional. If it says consumer, Your Honor, it might differ a little. Wouldn't it be kind of strange for Congress to say we don't want a class action to proceed in federal court on federal question, 1331 jurisdiction, unless it meets these requirements? But if you've got complete diversity, you can have less than 100 plaintiffs, and you could have less than the amount of controversy that we've stuck in. Isn't this, isn't a better way to read, I'm trying to remember the number, 210? Yeah, 2310. Yeah. And a better way to read that is saying notwithstanding any other provision in federal law to the contrary, these claims are cognizable in federal court only if they meet the following requirements. You know, if we're going to go back and look at statutory construction in that way, that may be true, Your Honor. What we know is. You have two arguments. One is, gee, I could have brought this before under diversity, and I find that difficult. That's for the reason I just said. Your second argument is even if I couldn't, CAFA changed the world. So I'm trying to focus on the first argument for a moment. So I think, Your Honor, when you look at the cases, even before CAFA came into existence, primarily they were, you had to have 100 named plaintiffs in order to bring a Magnuson Moss claim. Okay. But the point is, was there room for it? And we go into it in our briefs at a certain level, obviously, because we're navigating our way through. At a certain level, if the issues are federal question in nature clearly, then it's going to involve the Magnuson Moss requirement of 100 plaintiffs. But can't Congress, I mean, the answer to this question is obvious. Congress could have said, notwithstanding 1331 and 1332, these claims are cognizable in federal court only if, right? Congress surely had the power to do that. You're telling us we should read this as saying, notwithstanding 1331, but notwithstanding 1332. That's one way to read it, Your Honor. My point is, is that the weeds? Is that, if we're here about this discrete issue, in this case, should Magnuson Moss claim be allowed? The answer is yes, because CAFA does exist. OK, so let's go to the CAFA question. What CAFA, to me, basically was just an amendment of the minimal diversity requirement, of the complete diversity requirement in class actions, and said, you know, we're worried these class actions are proceeding in state court, these big ones, and state judges are making decisions that affect national corporations or national defendants. So we'll do as Article 3 allows us to do, remove the complete diversity requirement in class actions of a certain size. What is there, and I understand that expands class action jurisdiction in federal court. Was there anything specific in the history of that act that suggested that they intended to somehow modify the Magnuson Moss requirement in 2310? Look, if you look at page 21 of our brief, specifically starting at page 20, 21, 22, you'll see where we outline for the court the various legislative comments regarding why CAFA is being enacted. Right. And here's my principle. Yeah, I understand your broad argument. I asked a different question because I read your brief. And I was being ready to answer that. Is there any mention of Magnuson Moss anywhere in that? Yeah. The answer to that is, Your Honor, we also talk about it around those areas in the brief. Congress is presumed to know the law that exists. Yeah, I know. And they're also presumed to be honest and trustworthy. I'm making all those presumptions. I'm asking you a very specific question. Yeah.  No, no, I'm not evading it, Your Honor. I believe I'm directing it head on. Is there any mention of Magnuson Moss, that act, in the history of legislative history of CAFA? If that's your concrete, discreet question, the answer is no. Even if I could persuade Judge Bayer to look at legislative history. I was not listening to that last question. Judge Horowitz, there's no question the words Magnuson Moss do not appear in CAFA. And they don't appear in the text of CAFA. Those words do not appear in the text. And do you agree that Magnuson Moss only was, I mean, that CAFA was only meant to deal with diversity jurisdiction? Primarily, yes. But beyond that. It's only. It doesn't deal with federal question. It's only jurisdiction, but I feel like the court is wanting me to narrow what that means, and that's where I diverge. So if, in other words, my understanding of the defendant's argument on this issue is you've got to satisfy both in order to bring a Magnuson Moss claim with respect to any claim in federal court. In other words, not only do you have to comply with CAFA, but you also have to name 100 plaintiffs. See, I didn't understand that to be their argument. I'll ask them. Okay. I thought their argument was in order to bring it in federal court, you had to satisfy Magnuson Moss, which has an independent jurisdictional provision. Well, no, they do say that, Your Honor. Yeah. But I'm just talking about at different points, at least in my reading, because the requirement would be the same. Wouldn't you agree? No, no, it wouldn't, because Magnuson Moss requires a certain number of named plaintiffs. Oh, sure. And CAFA does not. And CAFA does not. But then the question becomes, we know Magnuson Moss was enacted 30 years earlier. We know that CAFA was specifically intended to address class actions. And when you read the legislative comments, all of these words like expand, liberalize, make sure that, quote, cases that look like class actions would be subsumed or brought under CAFA. Now, that gets to your broader argument. That's what I wanted to ask you about next. Why don't, if I read that history, and Judge Boehner lets me read it, what it seems to me to suggest is an intent to liberalize 1332A1, the general diversity provision. And it doesn't really help me to understand whether Congress meant to do away with substantive provisions in law that might otherwise prevent you from getting into court. Well, I guess liberalize, I understand. Whatever word you want to use. Yeah, whatever descriptor you want to use. I understand, Judge Hurwitz. But my point is, we can't do these in a vacuum. This Court's talked about that in different cases. We're looking at it as what existed when CAFA was enacted, what was the purpose of CAFA, and now in addition to all of the state law claims, the diversity requirements, the numerosity requirements, and the monetary requirements under CAFA, now I've got to go back and find 100 named plaintiffs to bring a Magnuson Moss claim? There's nothing efficient. There's nothing economical. And sometimes, frankly, Your Honors, common sense and the law do need to intersect. Why shouldn't these claims be brought? Because what's going to happen is now you're going to have a federal court considering state law claims and a state court considering federal law claims. Although you could, I take it, at this point, to simply refile the entire action in state court. True. And then get it removed because that's what would happen. Well, no, not under their theory. But we know how theories tend to change once facts and cases change, right? Right. We dismiss. Well, we file in some state court alleging the same exact thing. HONDA under CAFA is going to move to remove. I understand the problem. I mean, we just know it's going to happen. Now, they may say differently now, but they're my friends, but I also know them as able advocates, and I have a very strong suspicion that's exactly what would happen. And so we're stuck. We should be able to, because think about the economy and the efficiency of this. Now in a class action case that was meant to simplify everything, instead of having one or two or three class reps at most, we've got to have 100 to. Didn't that inefficiency exist under Magnus and Moss before? Well, and that was why it was more. Before CAFA? Before CAFA, there were inefficiencies. It just wasn't brought to light as these most recent spate of cases had brought it to light, right? You know, we sent that compendium to you because we wanted to show you, to quote Clint Eastwood's Spaghetti Western trilogy, we wanted to show you the good, the bad, and the ugly. So we gave you the compendium of all cases, whether they hurt us or help us. Fifty-four in total. Forty-two cases say what we say. There is no requirement under CAFA or under Magnus and Moss. You don't have to look at these things in a vacuum. Yes, you can bring Magnus and Moss claims where you have CAFA jurisdiction established because that's one way to go. Ten cases have said contra. So we've got 42 that said what we say. Some of the cases that say what you say take a slightly different view, and I'm trying to figure out whether that's involved in this case. Some of the cases say, well, you've got CAFA jurisdiction over your, if I can call them state law claims. Right. And then once there is CAFA jurisdiction under your state law claims, the court should exercise supplemental jurisdiction under 1367C. I agree with that, Your Honor. But that's not what you're arguing to us. No, we think that in this scenario, when you look at the clear what we believe intent of the legislature and how it operates pragmatically, again, you know, the law, you're in the trenches. Now I'm faced with 103 class reps of which there are going to be 103 depositions potentially. They're going to want to try. Then if I'm an enterprising defense lawyer, which, Your Honors, I was for the first 15 years of my career. Now, whether I was enterprising or not may remain to be seen. But I was on that side of the V. Well, then my next move would be, oh, I'm going to work to knock out X number of these Magnus and Moss plaintiffs  and around and around we go. Isn't the better approach to allow, since CAFA has been enacted, to bring state law claims because it has original jurisdiction and also Magnus and Moss because the point of CAFA was to include, quote, all cases that look, you know, I'm from Ducktown, Tennessee, and you're like, where the heck is that? If it talks like a duck, looks like a duck, and quacks like a duck, it's a duck. And so in this case, we have a duck. That is, Magnus and Moss, in light of what has been enacted with CAFA and the clear legislative intent, that should be allowed to be brought and we shouldn't be discussing whether, oh, a hundred named plaintiffs should be brought in a class action case because that clearly defeats the purpose of Rule 23 in CAFA. I don't know. I may be able to put it more succinctly and better, but that's all I got right now on that issue. Any other questions? I know I've gone over and I meant to reserve two minutes in rebuttal, but is there anything else about the state law claims that gives the court pause? Because when the judge says, and it's at Excerpt Record 17, when the judge says in his last paragraph, you don't have jurisdiction under Magnus and Moss and because your jurisdiction was supplementary tied to Magnus and Moss. I have the same question I asked you at the beginning, but I want to make sure I understood your answer. Your answer is that you think you qualify under CAFA for those state law claims, but somebody's got to go back and do the math. Just very practically, because I haven't dug into this area, if you have a good case under what I'll call pure CAFA, What does Magnus and Moss get you? A Nationwide Warranty Act claim, which we all know, we read the tea leaves. It's based on state law. Why is it more nationwide than under CAFA? Well, no, no, no. You were just asking what does the claim give me. Magnus and Moss applies across all 50 states in federal court. Okay, so under CAFA you might have a good claim in Tennessee and Idaho. Exactly, Your Honor. But in Magnus and Moss, it's a federal act that applies to all states. Which then tells you what do the feds want. Okay, good. That was exactly it. Now you've piqued my curiosity. I'm sorry. Doesn't Magnus and Moss incorporate state law? Well, it can, Your Honor, but my point is why do we even need to go there? No, no. I'm just asking. Yeah. Doesn't the Magnus and Moss Act incorporate state warranty law as the basis for decision? Yes, but it's broader than that. So if you didn't have state warranty law claims, you wouldn't have a Magnus and Moss claim, would you? Arguably. Yes, Your Honor. No, I'm not trying to be evasive. I'm saying we're all wanting it in this neat little package, and I love neat little packages. You know, I wish we could do that practicing law. But they aren't always so neat. That's why we're here in front of this panel. I'm trying to ask a very specific question. Let's assume that Tennessee has a law. Yeah. That says there are no warranties for cars. Oh, well, then we're in trouble. Yeah, right. You couldn't bring a Magnus and Moss claim in Tennessee, right? We're in trouble, yes. Okay. Yeah. My point is, at least unless these ladies tell me when I go back to the bench and tell me, no, Greg, you screwed that up, my point is if Magnus and Moss Warranty Act is an act when you look at it and read it in total, it's meant to ascribe jurisdiction over all 50 states with respect to warranty claims, period. Based on the law of those 50 jurisdictions? Arguably, yes. So what do you gain by having Magnus and Moss if you have the state law warranty of California, Tennessee, and Wisconsin? That's a question that we obviously in this case never got to, right? Because it was dismissed out of hand. But tactically, is there a fee provision in Magnus and Moss? No, no, no. I'm going to start looking for it. I promise you that, Your Honor. No, no. The point is to allow us, and I'll say us broadly, meaning, okay, plaintiff's counsel, we do want to bring the feasible state law claims, warranty claims. Absolutely. But as just Judge Boggs said, I may only have, for example, Tennessee, oddly enough, the Supreme Court decided that our Consumer Protection Act does not allow class action claims. Well, we know that so many other jurisdictions' Consumer Protection Acts do allow. So my point being, there are going to be some claims that are going to be state specific. But under Magnus and Moss, we get the full panoply of the nationwide claims process that we can bring. But you don't get anything more than the substantive law of warranty of those states. Yes, Your Honor. You get federal procedure.  Yes, we get federal procedure. If you're a federal court, you can have a class action. Have an ability then to broaden the case, Judge Baya, to allow for a nationwide claim at class cert and or it often assists the plaintiff's bar and the defendant's when we're looking together for a final approval. It will oftentimes be a basis for a settled nationwide class case, if you follow me there. So it's one of those things that we believe we're allowed to do. We don't think there's a requirement under CAFA or as we've set forth very clearly in our brief, that Magnus and Moss should be excluded simply because it was enacted 30 years prior. We've taken you past your time, Mr. Coleman. Yes. Thank you. You're entitled because you've traveled so far. Oh, thank you so much. Okay. Good morning, Your Honors. May it please the Court, Eric Kazarian on behalf of FLE, American Honda, Motor Co., Inc. The Court did not discuss the initial jurisdictional issue of whether this was a proper appeal. So I'd like to start there because I think it's an important question that we've raised. If I could just break in simply tactically, if this is not a final appeal, doesn't that put you back before the district judge where you have said all they have to do is file an amended complaint? They say they don't need to, but you seem to say they certainly can to proceed with their pure CAFA claims, and you don't get a decision on the Magnus and Moss part. So I'm just sort of baffled as to what tactically that does you any good and seems to do you some harm. Am I missing something? I wasn't thinking tactically on that issue, Your Honor. I was thinking as I looked at the ñ when the notice of appeal in this case came, I think we were just as surprised as possibly the district court as the record shows. This was ñ we always assumed there would be an amendment and litigation would continue. Well, so they said, look, we think our complaint's good enough. We think the district judge screwed up. We don't need to amend it. And the district judge said a little bit later, well, I guess if that's your view, I'll enter a final judgment. So ñ and why doesn't ñ and I understand their notice of appeal preceded the final judgment, but why under Rule 4 doesn't that then ripen into a perfectly good notice of appeal? Well, they're certainly entitled to ñ I think the court is asking me if they could have just stood on the complaint. Well, they did. Well, but ñ and they did in hindsight. But this court, in fact, in an en banc decision of this court in 1997, the WMX case, said you're certainly entitled to stand on the complaint, but there are certain procedures you've got to follow to do that. Number one, you've got to provide written notice to the court, and a notice of appeal is not a written notice that we're contemplating. So what if we went back to the district court now, bought your view, and they filed a notice to the district court that we're standing on our complaint? Would the district court then be entitled to enter the order that it finally did? Well, and then they would have to dismiss the claim with prejudice, which is the second requirement. They don't have ñ no, they don't have to dismiss a claim with prejudice to appeal a jurisdictional ruling. Well ñ This is a jurisdictional ruling. This is a ñ this is a dismissal that ñ this is the district judge saying ñ we all agree incorrectly, by the way, because if we get to the capital claim ñ the district judge incorrectly saying you can't bring this case in Federal court. Go away. You don't need a ñ you don't need under that circumstance for the people to dismiss their claims with prejudice. You agree? I agree with that, yes. Okay. So let's assume we ñ There has to be a judgment still. There's a judgment. And you do agree, by the way, that what the district court eventually entered was a judgment. I don't know if that's a judgment. It was just a straight dismissal. It was not a judgment of ñ on the basis of the prior motion to dismiss. Well, it's a dismissal. It's ñ I'm dismissing your claims. But it was ñ it was a dismissal on the basis of a failure to file an amended pleading. No, it's a dismissal on the failure to establish jurisdiction. The only basis he was asked to dismiss on was the absence of jurisdiction. I know you called it a 12b-6 motion, but your entire argument was you can't bring this here because it's not ñ doesn't have 100 plaintiffs and ñ Well, it was a 12b-6 motion because we did actually allege the pleading sufficiencies. This was one of many arguments in there. So it might have been a 12b. Okay. But let's just ñ I'm just trying to work this through. Okay. Because I'm like Judge Boggs. I'm a practical guy. We send this back, and they say, look, Judge, you had jurisdiction, and you made a mistake, and we're not amending our complaint. And he said, I thought that's what you said the first time, but I'll say it again. I'm entering a final judgment. And then we can suspend this appeal for you to do that, but you're going to be back here in four months arguing to either the three of us or three different people exactly what you're arguing now. Or conversely, conversely, they say, we didn't think we needed to file an amended complaint, but we're going to file an amended complaint, and you've said we're off to the races, still litigating in district court. Maybe run up your fees, but your client doesn't seem to be better off. I will cut to the chase. If the court is satisfied that there's jurisdiction in this case, I don't want to belabor that. I just felt duty-bound to raise it because if I didn't raise it, I felt that the court would sui sponte. And so I have. And thank you. It's an interesting question. Assume there's jurisdiction. Assume there's jurisdiction. And can I go to the third part to make it easier? Yes. You agree that the district judge erred in saying there couldn't be jurisdiction over the non-Magnuson Moss claims under CAFA. I'm not sure the court said that, Your Honor. I think the court said, the court, as I read it, because in the complaint they said, this court has supplemental jurisdiction specifically. I understand. The complaint may have misstated the matter. Do you agree that there is at least the possibility of jurisdiction over the State law claims under CAFA? Yes. And I think we make clear in our brief we don't dispute that. And then we ought to send it back to the district judge to make that determination? On an amended pleading where they specifically and clearly invoke CAFA as the basis for their State law claims? Absolutely. I have no problems with that. In fact, that's what I thought would be coming in an amended pleading. Put that aside and put aside whether we need amended pleadings. Okay. Let's cut to what's I think the only disputed. Let's do it. The hotly disputed issue in the case, which is the Magnuson Moss claim. Correct. Does the Magnuson Moss Act create a limited cause of action or is it jurisdictional? You know, I struggle with that question coming here. And I think it's both. Initially, as a threshold matter, to get to court, it's a jurisdictional question. Because I think you've got to satisfy the internal requirements of the Act, which is you've got to have 100 plaintiffs. Is it jurisdictional? See, that's what I struggle with, too. Yeah. If you pass an Act without a private cause of action, somebody comes to federal court and sues. And they say, I've got a federal question. And sometimes the court says, well, I have jurisdiction, but you don't have a remedy. You haven't stated a claim because this Act doesn't provide for a private cause of action. Right. And so, to me, it may make a difference if it's a cause of action or if it's meant to be jurisdictional. I think you've got to satisfy the requirements of the Act, and you've got to maintain those. You've got to prove those elements of the Act throughout the case in order to get to liability on the Magnuson Moss claim. Throughout the litigation. I don't think it's just something you look at at the start of the case to see if it's properly filed there. But I think you've got to maintain that 100 plaintiff requirement. Well, here, let me pose the question differently because I think it may make a difference to the outcome. Let's assume that the Magnuson Moss Act requirements in 210 and various parts of 2310 are just stating causes of action. You'll have a cause of action in federal court if you meet certain requirements. Otherwise, you have a cause of action in state court. Right. And, therefore, the claim that they filed was a state law cause of action. Under those circumstances, why shouldn't CAFA, treating that as a state law cause of action, allow them to bring it in federal court? See, if it's jurisdictional, I understand. Right. If it's jurisdictional, I'm not sure that Congress meant to amend that jurisdictional provision in CAFA. But if it's not jurisdictional, if it only defines the scope of a federal cause of action and the scope of a state cause of action, then it seems to me the CAFA argument has a lot more purchase. So that's why I'm focusing on this. Yeah. And that's fair. I mean, like I said, at the beginning of the case, it's jurisdictional. You don't even get to plead it unless you have the 100 plaintiffs. So it's fundamentally a jurisdictional requirement just to get in the door on a federal cause of action in federal court for a magnuson loss claim. And I don't think that character changes throughout the litigation such that if you have a concurrent CAFA claim, somehow that 100 plaintiff requirement goes away. And, I mean, we've got to take a step back and maybe frame the issue from what did the law look like in 2004? So the year before CAFA was enacted. There were always claims being filed in federal courts, including one I think that came to this court, where there's a federal claim like a RICO claim being asserted in a class action or there's traditional diversity that's being met. Those requirements of establishing federal jurisdiction, even where met, existed harmoniously with the requirement that you have 100 plaintiffs to assert the magnuson claim. So in the Churchill case, for example, Churchill v. G, which was an appeal that came to this court, this court was struggling with, is there jurisdiction? And the court looked at, well, they said, well, there's a RICO claim. And the court found the RICO claim gave jurisdiction, federal court jurisdiction, over the action on the basis of the RICO claim. In footnote 5 of that case, the court said there also is a magnuson claim, but the court has no jurisdiction on the basis of magnuson because they don't have 100 plaintiffs. Okay. So the court in that case, this court in that case, looked at both requirements and said, okay, this case is properly before this court on RICO claims. On 1331 jurisdiction. Correct. On federal question. And but then acknowledge that while there's a magnuson claim, that provides no basis for jurisdiction because plaintiffs did not have 100 plaintiffs in there, in that case. The appellants did not have it. So Churchill didn't discuss whether the court could exercise supplemental jurisdiction. No, I think it was just that it was up before this court on a settlement issue, I believe. And there was no discussion of supplemental jurisdiction. So could the court exercising CAFA jurisdiction over the non-magnuson Moss claims exercise supplemental jurisdiction over the magnuson Moss claims? I don't believe so because I have always understood, and perhaps incorrectly, that supplemental jurisdiction is only as to state law claims. I don't. Well, but it's effectively a state law claim. I mean, right? But it's not. It's been the act expressly sends those kinds of claims to state court. I would have thought your answer would have been no because 1367A says except as otherwise provided by law. But I don't think it's because it's a. Remember, prior to 1980, the federal question statute had a $10,000 amount in controversy requirement. Correct. I don't think you. I would think prior to then you could have a small federal claim supplemental to another federal claim, couldn't you? I don't know the answer to that. But in terms of is it a state law claim, magnuson Moss is actually a statute that supplements federalizes state warranty law. I think that there was a discussion earlier on. The viability of a magnuson Moss claim depends on whether you've stated a viable state law claim that you're invoking. So and this court has recognized that in Clemens versus Daimler Chrysler that your magnuson Moss claim rises and falls. And I think I think after a while, your friend agreed. My question is, are the claims that don't qualify to be cognizable in federal court and which the act expressly says you can bring in state court? Why aren't they state law claims? Because the magnuson places additional federal requirements for four under the magnuson. I mean, that's the benefit of magnuson, I guess, is it not only adopts it. It just adds additional requirements. Supplements state warranty law. So if you file it in state court, you still have to deal with the federal additional federal requirements that magnuson poses. You're not you're not just dealing with the state law claim. You're still dealing with the statutory requirements of what magnuson requires under federal law. So if you were if if your friend were to follow my suggestion and just go back and refile this case in state court, wouldn't you remove it? First, I seek dismissal of the state law warranty claims, which would then take the legs out of the magma's claim and then remove it. You always get you always get to defend against the claim. I guess I'm saying if you were to stand up here today and say, look, judge, we promise we're not going to remove this case again. That might these these guys generally would rather be in state court where they find judges more friendly than us. Well, I don't know if I would if I would make that commitment necessarily, only because I just don't I don't have enough information on why I would or would not at this moment. But in that hypothetical, but as well, we put it differently. This complaint that they filed were filed in state court. Wouldn't you have removed? We would prefer to be in federal court for the claims that are properly before federal court. And I would remove it. But but then seek dismissal of this case of this claim that does not belong. It does not belong in federal court if they can't have the requirements met. That's a substantive issue. That's the issue of whether or not they've correctly pleaded of a violation of state law. Counsel, if I could ask on from the defense side, we ask the question, what does Magnuson Moss give you that what I call pure CAFA would not from the defense side? What is it you fear about Magnuson Moss as opposed to pure CAFA? Well, I don't fear the claim, but but I don't. I mean, if the court were to go back and look at our briefing, we did argue that in addition to the jurisdictional issue that that's before the court, that they had not pled viable state law warranty claims. And therefore, the Magnuson Moss claim rises and falls with that. And they should go away. So there's there's nothing that we fear. But claim would, too, though, wouldn't it? I'm sorry. I said, wouldn't what I call the pure CAFA claim, if there's no viable state warranty. To have a class act, right. Or they would lose on the on the merits on the substance. Correct. They also have state consumer protection law claims, though, that have nothing to do with Magnuson Moss or the warranty claim. But it's clear that the district court didn't rule on that basis. No, the court. The district court ruled on the basis of the absence of federal jurisdiction. Correct. And I don't think we're as we're not disputing that there is CAFA jurisdiction if properly pled over the CAFA claim, so to speak, the state law. I see that my time is almost up, Your Honors. If you have any additional questions, happy to answer them. Otherwise, I'll take my seat. Mr. Coleman, we'll give it a couple of minutes. Thank you, Your Honor. Just real quickly. You know, lawyers, why say one word when a thousand will do, right? But we think this would, in effect, a ruling is suggested by defense counsel. Isn't that going to make MMWA essentially toothless? I mean, what if the point is that we should be allowed to bring these claims, but now we're not allowed to bring these claims unless we, under CAFA, unless we, through federal jurisdiction, through federal question jurisdiction, name 100 plaintiffs. Well, isn't the net effect we've got a toothless, useless statute? I mean, we're not going to be filing 100 plaintiff complaints in a class action case. That defeats the whole purpose of class claims. And doesn't that mean that CAFA has really sort of repealed Magnuson Moss? Magnuson Moss certainly had a strong idea of you need 100 name plaintiffs. Right. I mean, when Congress enacted it, that presumably was part of the legislative history package. And that's where I got, and that's a great question, Your Honor. That's where I said you don't have to comply with both requirements when you've got CAFA 30 years later. And to your point, Judge Hurwitz had asked, well, where is Magnuson Moss mentioned in CAFA affirmatively? Well, it isn't. But it's also not excluded. If Congress had intended to exclude Magnuson Moss under the broad liberal reach of CAFA, they could have easily done so. And they didn't. And so when you understand the underpinnings of CAFA, and I know we do, when you understand the underpinnings of CAFA and what it was intended to do, it shouldn't exclude Magnuson Moss claims. It makes no common sense, much less legal sense in this case. But it doesn't exclude Magnuson Moss claims if you have 100 name plaintiffs. True. Okay. True, Your Honor. No question. I would concede that point. The point is, though, then there will be these endless questions of, well, is it 100 at all times? What if we knock out six and now you're at 94, and then we make another motion to dismiss? If we're wanting that nice, neat package, we believe what we say is the way to go. And I would point out to the court the Coons, if I'm spelling that right, KUNS versus Ford Sixth Circuit case, which is the only other appellate court to have ruled. Unreported. Yes, unreported. But it's been cited. We think the Sixth Circuit's just the answer. You know, Siriano, which was a later case, Your Honor, and I know you're all familiar, and, again, I enjoy this with judges who are prepared. Siriano, which was later, specifically cites KUNS, and so do several other courts with respect to this exact issue. You don't need 100 name plaintiffs to bring a Magnuson Moss claim under CAFA. Okay. Thank you so much, Your Honors. Thank you, Mr. Carlson. I thank both counsel for a very interesting argument. In the case of Heather Floyd versus American Honda Motor Company is submitted for decision.
judges: Boggs, Bea, Hurwitz